IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:
COREY GORDON

SHELBY GORDON

: Case No. 12-12899-BLS
: Chapter 13

Debtor(s).

**STIPULATION REGARDING NOTICE OF FINAL CURE PAYMENT
AND COMPLETION OF PLAN PAYMENTS**

The parties have agreed to this Stipulated Order by and among Corey Gordon and Shelby Gordon ("Debtors"), Michael B. Joseph ("Trustee") and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST ("Creditor"), through their respective counsels state as follows:

## BACKGROUND

1. The Debtor is the real and registered owner of certain real estate commonly known as 141 Plymouth Place, Middletown, DE 19709 (the "Mortgaged Property").

2. Creditor has a claim against the Debtors as evidenced by that certain Note and Mortgage encumbering the Mortgaged Property.

3. On or about October 19, 2012, the Debtors filed a voluntarily petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code (the "Code") and the Trustee was appointed to act as the Chapter 13 Trustee in the case.

4. On or about January 22, 2018, the Trustee filed his Notice of Final Cure Payment and completion of Plan Payments statement (the "Final Cure") (ECF No. 63).

5. In the Final Cure, Trustee stated that the Debtor has performed their obligations to the Creditor under the Plan and fully performed as required to cure all pre-petition mortgage arrears, paid all mortgage payments, fees, charges, assessments, and escrows, due through, and including, the

date of the Final Cure, specifically, with respect to the claim of Creditor.

6. On or about March 7, 2018, Creditor filed a response to the Final Cure (the "Response") (ECF No. 65) stating that it agreed with the Trustee that all amounts necessary to cure the pre-petition defaults of the Debtors had indeed been paid by the Debtor(s).

7. Creditor further stated in its response that it disagreed that the Debtors were post-petition current and asserted that Debtors had not paid all mortgage payments, fees, charges, assessments, and escrows, etc. The Response stated that the Debtor's loan was contractually due for the December 1, 2013 through January 1, 2015 payments in the amount of $2,008.40 per month, February 1, 2015 through December 1, 2017 payments in the amount of $2,097.82 per month, less a suspense balance of $1,358.23. Therefore, the total amount necessary to cure the post-petition default was approximately $100,183.07.

8. The parties to this Stipulated Order recognize the cost, inconvenience and uncertainty associated with pursuing and defending the Response to Trustee's Final Cure and instead desire to settle their disputes on the term and conditions set forth herein:

**NOW THEREFORE**, with the foregoing Background deemed incorporated herein by reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

9. With regards to the claim of Creditor, the Debtor(s) have fully performed their obligations under the Plan, and have, if applicable, fully permed as required to cure all pre-petition arrears, paid all pre-petition mortgage payments, fees, charges, assessment and escrow due through and including the date of the Final Cure.

10. Debtor(s) have not fully performed their obligations with regards to paying all post-petition

mortgage payments, fees, charges, assessments, and escrows, due through and including the date of the Final Cure.

11. Debtors are entitled to receive a Chapter 13 discharge subject to the foregoing post-petition amounts due and any further post-petition payments that may become due after the signing of this stipulation. The defaulting post-petition payments that were to be directly paid by the Debtor(s), and not through the Chapter 13 Plan or by the Trustee, are exempted from the aforementioned discharge and are subject to collection upon the discharge of the Debtors and the closing of the case.

12. This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators and legal and personal representatives, regardless of whether the Debtors' bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed to the case. Confirmation of any plan of reorganization filed in Debtor's bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without prior written consent of Creditor and Debtor(s).

13. Nothing herein nor any delay on the part of Creditor in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Creditor's rights hereunder.

14. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

IN WITNESS THEREOF, the parties hereto have authorized their respective counsel to execute this Stipulated Order on their behalf and caused this stipulation to be executed.

DATED: 04/20/2018                /s/ Lisa Hatfield
                                 Lisa Hatfield BAR# 4967
                                 Stern & Eisenberg Mid-Atlantic, PC
                                 500 Creek View Road
                                 Suite 304
                                 Newark, DE 19711
                                 Ph: (302) 731-7200
                                 lhatfield@sterneisenberg.com

DATED: 4/20/18                   _____
                                 Mark M. Billion
                                 Billion Law
                                 922 New Road
                                 2nd Floor
                                 Wilmington, DE 19805
                                 Attorney for Debtor

DATED: 4-30-18                   _____
                                 Michael B. Joseph
                                 824 Market Street
                                 PO Box 1351
                                 Wilmington, DE 19899-1351
                                 MJoseph@ch13de.com
                                 Chapter 13 Trustee

**APPROVED and SO ORDERED** this ____ day of _____, 20___


By The Court: _____
              United States Bankruptcy Judge


_____ 4/20/18


_____ 4/20/18
Shelby Gordon